UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _____

JANET GONZALEZ GARCIA,

        Plaintiff,

v.

STRIKE HOLDINGS, LLC, a foreign limited
liability company

        Defendant.
_____/

## NOTICE OF AND PETITION FOR REMOVAL

Defendant Strike Holdings, LLC, by and through its undersigned counsel, desiring to remove a civil action from the Circuit Court for the Eleventh Judicial District in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §§ 1331, 1332, and 1441(b), based upon a complaint asserting a claim or right arising under the laws of the United States between citizens of different states, hereby submits this Notice of Removal and alleges as follows:

    1.    Garcia commenced the instant action, Case No. 10-61336 CA 31, in the Circuit Court for the Eleventh Judicial District in and for Miami/Dade County, Florida ("State Action"). A copy of the First Amended Complaint is attached as Exhibit A.

    2.    On or about December 20, 2010, Garcia delivered a copy of the First Amended Complaint, a Notice of Commencement of Action and a Request for Waiver of Service of Summons by certified mail to Strike's Registered Agent. Garcia has not effectuated formal service of a Summons and Complaint and, upon information and belief, has not attempted to do so. Counsel for Strike agreed to accept service of the First Amended Complaint on January 12,

2011.  Pursuant to 28 U.S.C. § 1446(a), Strike has not received, by any means, any prior iterations of the Complaint nor any other process, pleadings, orders, or other papers of any kind in the State Action.

3. This Notice of Removal is being filed with thirty (30) days of the receipt by Strike of the First Amended Complaint and is timely filed under 28 U.S.C. § 1446(b).  Strike's time to answer or move with respect to the First Amended Complaint has not expired.

*A.  Removal Generally*

4. Any civil case filed in a state court may be removed by a defendant to federal court if the case could have been brought originally in federal court.  *See, e.g., Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004); *Ayers v. Gen. Motors Corp.*, 234 F.3d 514, 517 (11thCir. 2000).Furthermore, where a removable claim or cause of action is joined with one or more otherwise non-removable claims for causes of action, "the entire case may be removed and the district court may determine all issues therein."  28 U.S.C. § 1441(c).

*B.  Federal Question Jurisdiction*

5. The United States district courts "have original jurisdiction over all civil actions arising under the Constitution, treaties or laws of the United States."  *See* 28 U.S.C. § 1331.  In this action, Garcia expressly alleges causes of action under, *inter alia*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e,*et seq*., and the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.*,arising from Garcia's employment with Strike.  Title VII and the FMLA are "laws of the United States."  Consequently, the Court has federal question jurisdiction over this action.

*C. Diversity Jurisdiction*

6. The United States district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between Citizens of different States." *See* 28 U.S.C. § 1332(a).

7. Where the complaint fails to claim a specific amount of damages, a defendant may prove by a preponderance of the evidence that the amount in controversy exceeds $ 75,000. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In determining whether the amount in controversy is satisfied, "a district court may properly consider post-removal evidence."*Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). An uncontroverted statement setting forth plaintiff's salary and benefits is sufficient for this purpose. *See e.g. Destefano v. Home Shopping Network, Inc.*, 2006 U.S. Dist. LEXIS 11701 (M.D. Fla. 3/6/2006). In this case, the amount in controversy exceeds $75,000. Garcia seeks to recover, *inter alia*, "back pay, front pay, emotional and punitive damages." Garcia's employment was terminated on December 1, 2008, over two years ago. Her annual salary was 35,000, plus benefits, including health care insurance with an employer subsidy of approximately $960.00 annually. As a result, Garcia's back pay alone already exceeds $75,000.

8. For diversity purposes, a limited liability company is a citizen of any State of which a member of the company is a citizen. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). Strike is a Delaware limited liability company. Its sole members are: The Cobalt Group, a New York LLC whose sole member is a New York citizen and Goode Bowling Corp., a Delaware corporation whose corporate "nerve center," and thus its principal place of business, is located in New York. *Hertz Corp. v. Friend*, ___ U.S. ___, 130 S. Ct. 1181, 1192 (2010). On these facts, none of Strike's

members are Florida citizens.Strike's corporate offices are located at 215 Park Avenue South, Suite 1800, New York, New York. As such, Strike is not a citizen of Florida for purposes of 28 U.S.C. § 1332(a). Upon information and belief, Garcia is a citizen of Florida. As a result, the Court has diversity jurisdiction over this action.

   D. *Supplemental Jurisdiction*

   9.   Furthermore, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action which such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."28 U.S.C. § 1367(a).Because there is federal question and diversity jurisdiction over this action, the Court can and should exercise jurisdiction over Garcia's state law claims under the Florida Civil Rights Act.

   10.  For all of the foregoing reasons, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

   11.  A copy of this Notice of and Petition for Removal has simultaneously been filed with the Clerk of the Circuit Court for the Eleventh Judicial District in and for Miami/Dade County, Florida, and Defendant has simultaneously given written notice of the filing of this Notice of and Petition for Removal as required by 28 U.S.C. § 1446(d).

   12.  Venue is proper in the Southern District of Florida in that the State Action is pending within the jurisdictional confines of this district.

   **WHEREFORE,** Defendant, whose attorneys have signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, respectfully requests that this action be removed to the United States District Court for the Southern District of Florida.

Dated: January 18, 2011
       Miami, Florida

                        Respectfully submitted,

**AKERMAN SENTERFITT**
One Southeast Third Avenue
25th Floor
Miami, FL  33131-1714
Phone:  (305) 374-5600
Fax:  (305) 374-5095


By: s/Jennifer T. Williams_____
    Jennifer T. Williams, Esq.(0174203)
    Email: jennifer.williams@akerman.com

              -and-

CLIFTON BUDD &DeMARIA, LLP
Arthur J. Robb
Email: ajrobb@cbdm.com
(prohac vice application to be submitted)
420 Lexington Avenue, Suite 420
New York, New York 10170
Phone: (212) 687-7410
Fax: (212) 687-3285

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 18, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

                        s/Jennifer T. Williams_____
                        Jennifer T. Williams, Esquire

## SERVICE LIST

**Janet Gonzalez Garcia v. Strike Holdings, LLC**
Case No. _____

**United States District Court, Southern District of Florida**

| | |
|---|---|
| Eddy O. Marban, Esquire<br>marban@bellsouth.net<br>LAW OFFICES OF EDDY O. MARBAN<br>Ocean Bank Building, Suite 350<br>782 N.W. Le Juene Road<br>Miami, FL  33126<br>Telephone (305) 448-9292<br>Fax (305) 448-2788<br>*Counsel for Plaintiff, Janet Gonzalez Garcia*<br><br>**Served via U.S. Mail** | Jennifer T. Williams, Esquire<br>jennifer.williams@akerman.com<br>AKERMAN SENTERFITT<br>One Southeast Third Avenue, 25th Floor<br>Miami, FL  33131<br>Telephone (305) 374-5600<br>Fax (305) 374-5095<br><br>**Served via CM/ECF**<br><br>Arthur J. Robb, Esquire<br>ajrobb@cbdm.com<br>420 Lexington Avenue, Suite 420<br>New York, New York<br>CLIFTON BUDD &DeMARIA, LLP<br>Telephone (212) 687-7410<br>Fax (212) 687-3285<br><br>*Counsel for Defendant, Strike Holdings LLC*<br><br>**Served via  U.S. Mail** |