# EXHIBIT "A"

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 10-61336 CA 31

JANET GONZALEZ GARCIA,

    Plaintiff,

vs.

STRIKE HOLDINGS, LLC, a
foreign limited liability company,

    Defendant.
_____/

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, JANET GONZALEZ GARCIA, by and through her undersigned counsel, hereby sues Defendant, STRIKE HOLDINGS, LLC, a foreign limited liability company (hereinafter referred to as the "Employer"), and alleges:

### A. GENERAL ALLEGATIONS

1. This is a pregnancy and sex discrimination claim seeking declaratory and injunctive relief and damages to redress violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000e, et seq.), the Civil Rights Act of 1991 ("the CRA"), and the Florida Civil Rights Act, 1977, F.S. § 760.10 ("the FCRA"). In addition, this action is for money damages and equitable relief brought under the laws of the United States, including the Family and Medical Leave Act ("FMLA").

2. Plaintiff seeks a declaratory judgment and injunction to determine that she was discriminated against because of her pregnancy by the Employer.

3.  Plaintiff seeks all damages available under Title VII, the CRA, the FCRA, and the FMLA.

## B. JURISDICTION

4.  This action arises under Title VII, the FCRA, the CRA, FMLA and the Court has concurrent jurisdiction to grant declaratory relief and further relief pursuant to said acts. Plaintiff seeks damages in excess of $15,000.00, within the jurisdiction of this Court.

5.  Venue is proper in Miami-Dade County, Florida, where Defendant has its main place of business, where Plaintiff was employed, and where the alleged unlawful conduct occurred in Miami-Dade County, Florida.

6.  The trial court is vested with jurisdiction to order an injunction or any other relief as may be proper, pursuant to Title VII, the FCRA, the CRA, and the FMLA.

## C. PARTIES

7.  The Employer owns and operates bowling venues having its main place of business in Miami-Dade County, Florida. Plaintiff was employed with Defendant as a manager from approximately mid-April 2007 through December 1, 2008.

8.  The Employer, with more than fifteen (15) employees; hence, the Employer is an "employer" as envisioned by Title VII, the FCRA, and the CRA.

## D. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

9.  Plaintiff timely filed a Charge of Discrimination for pregnancy discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").

10. On August 27, 2010, the EEOC issued a Letter of Determination finding that Defendant discriminated against Plaintiff because of her sex/female and pregnancy. On or about September 20, 2010, the EEOC issued a Dismissal and Notice of Rights, thus allowing Plaintiff

ninety (90) days in which to file this action.

11.     Accordingly, all conditions precedent to bringing this action including, but not limited to, the administrative requirements have been satisfied or otherwise waived.

### E. FACTUAL ALLEGATIONS

12.     Plaintiff became an employee of the Defendant approximately in mid-April 2007. Plaintiff was employed as a manager and remained working for some time when she was pregnant. On July 21, 2008, Plaintiff left for maternity leave and was placed by the Defendant on FMLA short term disability benefits due to the delivery of her infant child. During and after the maternity leave had expired, Plaintiff had several conversations with Defendant regarding her coming back to work. Plaintiff was never reinstated after her pregnancy. On December 1, 2008, four days before Plaintiff was scheduled to return to work she was advised by her Employer that her employment would be terminated. Defendant terminated Plaintiff's employment because of her pregnancy/sex. At all times material hereto, Plaintiff was capable of performing the duties required for her job.

### COUNT 1 - VIOLATION OF TITLE VII, THE FCRA, AND THE CRA FOR PREGNANCY DISCRIMINATION

13.     Plaintiff re-alleges and re-avers paragraphs 1 through 12 as if fully set forth herein.

14.     Plaintiff is a member of two protected groups under Title VII, the CRA, and the FCRA (i.e., she is a female and she was pregnant at the time that she was terminated by the Employer).

15.     As stated above, Plaintiff was discriminated against when her employment was terminated because of her pregnancy and because of her sex. Plaintiff was qualified for her position as a manager.

3

16.     Plaintiff's termination by the Employer was based upon Plaintiff being female and pregnant. As such, by being terminated for being pregnant, Plaintiff was adversely affected in a "term, condition or privilege" of her employment under Title VII, the CRA, and the FCRA. Similarly-situated employees outside the employee's protected class were treated more favorably.

17.     The conduct of the Employer, through its employees and agents deprived Plaintiff of her statutory rights under Title VII, the CRA, and the FCRA.

18.     Plaintiff has retained the Law Offices of Eddy O. Marban and is obligated to pay a reasonable attorney's fee, which Plaintiff is entitled to recover pursuant to the FCRA.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against the Employer awarding her all such legal, equitable, and monetary relief as will effectuate the purpose of Title VII, the CRA, and the FCRA, including, but not limited to, a) awarding appropriate damages, including back pay and front pay, emotional and punitive damages, available under Title VII, the CRA, the FCRA to Plaintiff; b) issuing a declaratory judgment that the Employer's practices are violative of Plaintiff's rights under Title VII, the CRA, the FCRA; c) ordering the Employer to place Plaintiff in the position which she would have had, absent the Employer's unlawful discrimination; d) restoring Plaintiff with credits of all other employee benefits she would have received but for the Employer's discrimination; and e) granting Plaintiff her costs and a reasonable award of attorney's fees pursuant to Title VII, the CRA, and the FCRA .

## COUNT II - RETALIATION

19.     Plaintiff re-alleges and re-avers paragraphs 1 through 18 as if fully set forth herein.

20.     Plaintiff was subjected to unlawful retaliation because of her pregnancy and sex. Plaintiff is a member of a protected class and participated in activities protected by Title VII, the CRA, and the FCRA. She made a protected expression when she announced that she was

4

pregnant and had to take time off from work.

21. Defendant unlawfully retaliated against Plaintiff because Plaintiff made the aforementioned protected expression. The protection and adverse employment action were causally connected.

22. As a direct and proximate result of the Employer's actions, Plaintiff suffered emotional damages, mental anguish, loss of wages, benefits and privileges, including, but not limited to, loss of health insurance, as employer social security and other contributions.

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against the Employer awarding her all such legal, equitable, and monetary relief as will effectuate the purpose of the FCRA, including, but not limited to, a) awarding appropriate damages, including back pay and front pay, emotional and punitive damages, available under the FCRA to Plaintiff; b) issuing a declaratory judgment that the Employer's practices are violative of Plaintiff's rights under the FCRA; c) ordering the Employer to place Plaintiff in the position which she would have had, absent the Employer's unlawful discrimination; d) restoring Plaintiff with credits of all other employee benefits she would have received but for the Employer's discrimination; and e) granting Plaintiff her costs and a reasonable award of attorney's fees pursuant to the FCRA.

## COUNT III - VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

23. Plaintiff re-alleges and re-avers paragraphs 1 through 22 as if fully set forth herein.

24. This is an action pursuant to 29 U.S.C. §2601 et. seq., the Family and Medical Leave Act.

25. Plaintiff is an eligible employee for purposes of the FMLA in that she was employed at a worksite at which Defendant employed 50 or more employees and/or the employees

5

from other worksites may be aggregated to reach the 50 employee threshold.

26. Defendant STRIKE HOLDINGS, LLC, is an employer for purposes of FMLA eligibility.

27. Due to her pregnancy and qualifying health condition under the FMLA, Plaintiff requested and took qualifying medical leave from her Employer, STRIKE HOLDINGS, LLC.

28. As a direct and proximate result of Plaintiff's exercise of her FMLA right to medical leave, Defendant discriminated against her, among other things:

   a. Terminating her employment;

   b. Failing to restore her employment following medical leave; and

   c. Retaliating against her for exercising her rights secured to her under the FMLA.

29. The acts of the Employer were willful or committed with reckless disregard of the law. The Employer knew that Plaintiff wanted to return to work and concocted a story that Plaintiff was unwilling to return to work on a full time basis when that was not the truth.

30. As a direct and proximate result of the Defendant's actions in violation of the FMLA, Plaintiff suffered and continues to suffer damages. Plaintiff is entitled to recover all those damages allowed by the FMLA, including back and front pay, lost benefits, employer contributions and liquidated damages.

WHEREFORE, Plaintiff demands the following relief against the Defendants: a) Compensatory damages including lost salary, benefits, and liquidated damages; b) compensation denied or lost; c) other monetary loss occasioned by the unlawful conduct of the employer; d) pre-judgment interest; e) liquidated damages in an amount equal to the actual monetary damages awarded including interest; f) equitable relief including: re-employment, reinstatement, promotion; and g) granting Plaintiff her costs and a reasonable award of attorney's fees pursuant to

the FMLA, and such further equitable relief as allowed by law which the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

> LAW OFFICES OF
> EDDY O. MARBAN
> Ocean Bank Building, Suite 350
> 782 N.W. LeJeune Road
> Miami, Florida 33126
> Telephone (305) 448-9292
> Facsimile (305) 448-2788
> E-mail: marban@bellsouth.net
>
> By: _____
> EDDY O. MARBAN, ESQ.
> Fl. Bar No. 435960

7